IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLENN COOK, 24122-001,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| USA, | ) |
| DR. R. PASS, | ) Case No. 24-cv-1152-DWD |
| L. BROOKS, | ) |
| E. HARBISON, | ) |
| K. BUGG, | ) |
| D. SPROUL, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Glenn Cook, an inmate of the Federal Bureau of Prisons (BOP) currently detained at the Federal Correctional Institute in Thompson, Illinois (FCI Thompson), brings this action under the Federal Tort Claims Act (FTCA) concerning medical issues at the Federal Correctional Institute in Marion, Illinois (FCI Marion). (Doc. 1). Plaintiff faults the defendants for negligence or malpractice concerning their handling of his eye condition, which ultimately led to blindness in one eye.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that beginning in 2021, Defendant Warden Sproul failed to ensure proper medical treatment for his detached retina or macular hole, which resulted in blindness in his right eye. (Doc. 1 at 7). He explains it was Sproul's lack of supervision over other medical staff including Defendants Dr. Pass, E. Harbison, and Dr. K. Bugg. He seeks to pursue negligence and malpractice claims under the FTCA relevant to his injuries. In a supporting memorandum, Plaintiff more fully details his experience, and also indicates he already pursued an Administrative Claim using the Standard Form 95 relevant to these allegations. (Doc. 1 at 11).

Plaintiff alleges that as early as January 18, 2021, defendants failed to adequately meet his needs for his vision issues. He had high ocular pressure in both eyes and had a prescription from Dr. Bugg for the condition that he had used for approximately 12 years. In February of 2021, he was in the SHU when he contracted an eye infection. He believed he should have seen a doctor at the Marion Eye Center, but he missed the appointment in February and again in May of 2021. (Doc. 1 at 14). In March of 2021, he got an additional prescription to be used prior to a surgery but the label instructed him to use it in the left eye, instead of the afflicted right eye. He claims it took days for this error to be officially corrected. Also, around the same time he was supposed to have a special pillow, but there was a delay in obtaining the pillow.

Despite the complications and missed appointments he described, Plaintiff goes on to allege that he was diagnosed with a detached retina on February 2, 2021, and a macular hole on March 16, 2021.  (Doc. 1 at 16).  He alleges the lack of treatment for these issues subsequently led to blindness in his right eye.  Plaintiff seeks to proceed under the "layman's exception" to the Illinois statutory requirement that he provide a certification of merit concerning his medical issues.

In support of the complaint, Plaintiff appended a variety of medical records.  The records reflect eye surgeries in February, March and April of 2021.  As of October of 2021, his vision was still recorded as "markedly diminished."  (Doc. 1 at 121).  Plaintiff was seen again in May of 2022 and September of 2023, but it is difficult to tell from the visit notes he provided what the findings were at those visits.  (Doc. 1 at 125-135).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:   FTCA claim against the United States concerning the alleged negligence or medical malpractice for his right eye condition or injuries from January of 2021 to present.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

The FTCA permits a suit for money damages against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (*citing Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances.")). In this case, Illinois law applies because all tortious conduct at issue occurred in Illinois.

To state a negligence claim under Illinois law, Plaintiff must set forth allegations suggesting that the defendant owed the plaintiff a duty of care, breached that duty, and the breach was the proximate cause of the plaintiff's injury and damages. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (*citing Iseberg v. Gross*, 879 N.E.2d 278 (2007)). Moreover, a medical negligence or malpractice claim also requires compliance with 735 ILL. COMP. STAT. § 5/2-622(a)-(b) (West 2017). Under § 5/2-622, Plaintiff must file an affidavit stating that there is a reasonable and meritorious cause for litigation of the

medical malpractice claim, along with a physician's report in support of the affidavit. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

Here, Plaintiff's complaint clearly sets forth the elements of a negligence claim, and his allegations are also sufficient to proceed on a theory of malpractice. Plaintiff is correct to identify the requirement that he submit a certificate of merit, but the Court will not address this issue further at this early juncture because pro se litigants are generally afforded until the summary judgment phase of the case to satisfy this requirement.

The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Plaintiff named the United States, but he also named individual defendants. Because the United States is the only proper defendant, the individual defendants will be terminated.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against the United States. By contrast, Plaintiff may not proceed under the FTCA against the individually named defendants, so the Clerk of Court is **DIRECTED to TERMINATE** Defendants Dr. R. Pass, L. Brooks. E. Harbison, Dr. K. Bugg, and D. Sproul.

**IT IS ORDERED** that as for **Claim 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**. The Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United

States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for an Extension of Time to Pay the Filing Fee (Doc. 5) is **GRANTED**.  Plaintiff shall have until July 8, 2024, to pay the full $405 filing fee.  Plaintiff's earlier checks for portions of the filing fee have been returned to him.

**IT IS SO ORDERED.**

Dated: May 23, 2024               /s *David W. Dugan*
                                  _____
                                  DAVID W. DUGAN
                                  United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.