IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN COOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-cv-1152-RJD |
| UNITED STATES OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 26) and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, to Enter Summary Judgment (Doc. 24), Motion for Leave to File Supplemental Authority (Doc. 27) and Motion to Stay Proceedings (Doc. 28). For the reasons set forth below, Plaintiff's Motion to Appoint Counsel (Doc. 26) is **GRANTED**. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, to Enter Summary Judgment (Doc. 24) is **DENIED as premature**, and Defendant's Motion for Leave to File Supplemental Authority (Doc. 27) and Motion to Stay Proceedings (Doc. 28) are **DENIED as moot**.

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 16).

**Background**

Plaintiff Glenn Cook, an inmate of the Federal Bureau of Prisons ("BOP") currently detained at the Yazoo City Federal Correctional Institute, brought this action under the Federal Tort Claims Act ("FTCA") concerning medical issues at the Federal Correctional Institute in Marion, Illinois ("FCI Marion"). (Doc. 1; Doc. 6, p. 1). Plaintiff alleged that beginning in 2021, the FCI Marion Warden failed to ensure proper medical treatment for his detached retina or macular hole, which resulted in blindness in his right eye. (Doc. 1 at 7; Doc. 6, p. 2). He explained it was the Warden's lack of supervision over other medical staff, including Defendants Dr. Pass, E. Harbison, and Dr. K. Bugg, that ultimately led to blindness in one eye. (*Id.*). Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the individual defendants, and Plaintiff was allowed to proceed on the following claim: FTCA claim against the United States concerning the alleged negligence or medical malpractice for his right eye condition or injuries from January 2021 to present. (Doc. 6, pp. 3-5).

Pursuant to the Court's Scheduling and Discovery Order, as amended, discovery was due by August 4, 2025, and dispositive motions were due by September 18, 2025. (Docs. 19 & 23). A bench trial was set for April 16, 2026. (Doc. 19). On September 17, 2025, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, to Enter Summary Judgment (Doc. 24). Defendant argues that Plaintiff lacks standing *in fact*, because his claim falls under the independent contractor exclusion to the FTCA. (Doc. 24, pp. 21-23). It further argues that summary judgment in its favor should be granted because Plaintiff failed to comply with 735 ILCS § 5/2-622, which requires plaintiffs who bring medical malpractice or negligence claims to submit a certificate of merit. (*Id.* at 25-29). It further claims that summary judgment is appropriate

because Plaintiff has not offered any evidence to establish proximate cause between his injury and any medical malpractice attributable to the government. (*Id.*)

Plaintiff did not timely respond to Defendant's motion. Instead, on November 3, 2025, Plaintiff filed a motion seeking the recruitment of counsel, the appointment of a witness expert, and the extension of the deadlines to respond to Defendant's motion. (Doc. 26). Defendant did not respond or otherwise object to Plaintiff's motion.

On January 26, 2026, Defendant moved to file a supplemental brief on the recently issued Supreme Court decision *Berk v. Choy*, No. 24-440, 2026 WL 135974 (U.S. Jan. 20, 2026), and its implication on Defendant's claim for dismissal for Plaintiff's failure to comply with 735 ILCS § 5-2/622. (Doc. 27). In light of the upcoming trial setting, Defendant also moved to stay proceedings until the Court's ruling on Defendant's dispositive motion. (Doc. 28).

**Plaintiff's Motion to Appoint Counsel (Doc. 26)**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff attached to his motion rejection letters from two law firms, as well as an extensive list of law firms he contacted but never responded to his request for representation. (Doc. 26, pp.

4-6, 11-13). Accordingly, the Court deems the threshold requirement for recruitment of counsel satisfied.

Further, the Court finds that at this juncture, the complexity of this case exceeds Plaintiff's ability to prosecute it on his own. While Plaintiff proceeds on a single FTCA claim, Defendant has raised grounds for dismissal that implicate more intricate legal issues. Plaintiff's claim involves a complex medical issue that requires expert medical evidence. In fact, Defendant's motion for summary judgment relies, in part, on Plaintiff's failure to provide expert testimony to establish proximate cause for his injury. (Doc. 24, pp. 25-29). Due to his incarceration and limited resources, Plaintiff lacks the ability to engage a medical expert. Plaintiff attaches to his motion a long list of the medical providers he contacted to assess his case, none of whom responded to his request. (Doc. 26, p. 7). Further, Defendant has raised the independent contractor exception to the FTCA. To prevail over that challenge, Plaintiff will need to show that his injury was "caused by the negligent or wrongful act or omission of any employee of the Government," as opposed to that of an independent contractor. 28 U.S.C. § 1346(b)(1); *Gottlieb v. United States*, 624 F. Supp. 2d 1011, 1022 (S.D. Ind. 2008). The distinction between an employee and an independent contractor is a fact-sensitive inquiry, and Plaintiff's transfer to a different facility may further undermine his ability to collect relevant evidence. Further, Plaintiff attributes his injury to the Warden's lack of supervision over other medical staff, including Dr. Pass, E. Harbison, and Dr. K. Bugg, while Defendant argues that FCI-Marion did not employ any federal employees who were medical specialists concerning the evaluation or treatment of Plaintiff's eye condition. (Doc. 1 at 7). This again potentially implicates a more intricate proximate cause issue that exceeds Plaintiff's ability to litigate it as a layperson. Finally, Plaintiff explains in his motion that he is facing serious ongoing

health issues that have required his hospitalization. Based on this record, the Court finds that at this juncture, the complexity of this case exceeds Plaintiff's ability to prosecute it on his own.

Accordingly, the Court finds it necessary to recruit an attorney to represent Plaintiff in this matter. **IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Chad J. Layton** of the law firm of Goldberg Segalla, LLP – Chicago is **ASSIGNED** to represent Plaintiff Glenn Cook in this case. On or before **February 24, 2026**, assigned counsel shall enter his appearance in this case. Attorney Layton is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Layton. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-

of-pocket expenses and an Authorization/Certification for Reimbursement.[2] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys, which is available as a resource. To access the guide, click on the "Attorney Information" tab at the top of the Court's website and select the "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

---

[2] District Court Plans | Southern District of Illinois | United States District Court

As of this date, Plaintiff's contact information is:

**Glenn Cook**
**24122-001**
**YAZOO CITY FCI-LOW**
**FEDERAL CORRECTIONAL INSTITUTION**
**Inmate Mail/Parcels**
**P.O. BOX 5000**
**YAZOO CITY, MS 39194**

**Defendant's Motions (Docs. 24, 27, & 28)**

In light of the recruitment of counsel to represent Plaintiff, the Court finds it appropriate to amend the current scheduling order and reopen discovery. The trial setting is **VACATED**. The Court will hold a status conference upon Attorney Layton's entry of appearance for the purpose of entering a new scheduling and discovery order.

Because Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, to Enter Summary Judgment (Doc. 24) primarily relies on the lack of expert witness testimony to support Plaintiff's FTCA claim, it is summarily **DENIED as premature**. Defendant's motion for supplemental briefing and motion to stay proceedings are **DENIED as moot**.

## Conclusion

For the reasons set forth above, Plaintiff's motion to Appoint Counsel (Doc. 26) is **GRANTED**. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, to Enter Summary Judgment (Doc. 24) is **DENIED as premature**, and Defendant's Motion for Leave to File Supplemental Authority (Doc. 27) and Motion to Stay Proceedings (Doc. 28) are **DENIED as moot**.

**Attorney Layton** shall enter his appearance by **February 24, 2026.** The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Layton at 222 W Adams St, Chicago, IL 60606, and at clayton@goldbergsegalla.com.

The trial setting is **VACATED**. This matter will be set for a status conference once Attorney Layton enters his appearance for the purpose of entering a new scheduling and discovery order.

**IT IS SO ORDERED.**

**DATED: February 10, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**