IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLENN COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-1152-RJD |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on the Motion to Withdraw (Doc. 32) filed by the court-appointed counsel for Plaintiff, Chad J. Layton. The Court assigned Attorney Layton to represent Plaintiff on February 10, 2026. (Doc. 29). After entering his appearance, Attorney Layton moved to be relieved of the pro bono assignment under Local Rule 83.11(a)(2)(b). The local rule provides for relief from appointment when counsel lacks the time necessary to represent the party due to "another extraordinary professional commitment" or "on such other grounds the assigning judge finds adequate for good cause shown." SDIL-LR 83.11(a)(2)(b). Attorney Layton sufficiently established the lack of necessary time due to prior extraordinary commitments, including but not limited to an ongoing pro bono assignment in a habeas corpus petition in the U.S. District Court

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 16).

for the Northern District of Illinois. For good cause shown, the Motion to Withdraw (Doc. 32) is **GRANTED**.

The circumstances warranting the recruitment of counsel for Plaintiff still exist. **IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Branden Stein** of the law firm of Carmody MacDonald P.C. is **ASSIGNED** to represent Plaintiff Glenn Cook in this case. On or before **March 20, 2026**, assigned counsel shall enter his appearance in this case. Attorney Stein is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Stein. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-

of-pocket expenses and an Authorization/Certification for Reimbursement.[2] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys as a resource. To access the guide, click on the "Attorney Information" tab at the top of the Court's website and select the "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

---

[2] District Court Plans | Southern District of Illinois | United States District Court

As of this date, Plaintiff's contact information is:

**Glenn Cook**
**24122-001**
**YAZOO CITY FCI-LOW**
**FEDERAL CORRECTIONAL INSTITUTION**
**Inmate Mail/Parcels**
**P.O. BOX 5000**
**YAZOO CITY, MS 39194**

## Conclusion

For these reasons, **Attorney Stein** shall enter his appearance by **March 20, 2026.** The

Clerk of Court is **DIRECTED** to transmit this Order to Attorney Stein at Carmody MacDonald

P.C., 120 S. Central Ave., 18th Floor, St. Louis, MO 63105, and at ss@carmodymacdonald.com.

The status conference set for March 12, 2026, is **VACATED** and will be reset after

Attorney Stein enters his appearance in this case.

**IT IS SO ORDERED.**

**DATED: March 6, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**